**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
───────────────────────────────

BRIAN ANDREW CLARK, et al.,

                              Plaintiffs,        No. 1:24-CV-01150
                 v.                              (MAD/PJE)

JOHN HALL, et al.;

                              Defendants.
───────────────────────────────


**APPEARANCES:**

Brian Andrew Clark
Washington County Jail
399 Broadway
Fort Edward, New York 12828
Plaintiff pro se

Donald Leonard Clark
91 Morgans Lane
Comstock, New York 12821
Plaintiff pro se

Crystal Mabb
12 Chestnut Street
Fort Edward, New York 12828
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**


## REPORT-RECOMMENDATION & ORDER

### I.  Procedural History

        Plaintiffs pro se commenced this action on September 19, 2024, with the filing of

a complaint.  *See* Dkt. No. 1.  On October 23, 2024, the Court administratively closed

the case with opportunity to comply with the filing fee requirement.  *See* Dkt. No. 3.  On

November 5, 2024, plaintiff Brian Andrew Clark (hereafter "plaintiff" or "Clark") filed a

motion for leave to proceed in forma pauperis ("IFP") and an inmate authorization form. *See* Dkt. Nos. 4, 5. The Court noted that plaintiff's IFP application was lacking a signature and directed plaintiff to submit a signed copy. *See* Dkt. No. 6. On December 2, 2024, Clark filed an amended application for leave to proceed IFP. *See* Dkt. No. 7. On January 10, 2025, plaintiff filed a letter motion seeking reargument, reconsideration, and de novo review of *Clark v. Tanner, et al*., 1:22-CV-1264, which this Court dismissed with prejudice in 2024, and to consider that case together with this action. *See* Dkt. No. 8. On January 17, 2025, the Court administratively reopened this case. On January 28, 2025, Clark filed a second letter requesting to reopen and reargue *Clark v. Tanner, et al*.,1:22-CV-1264 and to consolidate that action with this case, as well a request for appointment of pro bono counsel. *See* Dkt. No. 11.

On January 31, 2025, the Court issued a text order denying his request to reopen and "reargue" 1:22-CV-1264 (DNH/DJS), *Clark v. Tanner, et al*. and to consolidate that action with this one. *See* Dkt. No. 12. On March 6, 2025, Clark filed an amended complaint. *See* Dkt. No. 13. As an amended complaint supersedes and replaces the original complaint in its entirety, now before the Court is review of Clark's in forma pauperis application and amended complaint. *See* Dkt. Nos. 7, 13.

## II. **IFP Application**

The Court has reviewed Clark's IFP application and concludes that he financially qualifies to proceed IFP. *See* Dkt. No. 7. Clark is advised that granting IFP in this action applies only to the filing fee; he is still required to pay for any other costs and fees

he may incur in this action, including, but not limited to copying fees, transcript fees, or witness fees.[1]

### III.  **Standard of Review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co*., 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).  However, the Court need not accept as true "legal conclusions." *Iqbal*, 556 U.S. at 678.  A pro se complaint is entitled to special solicitude and must be liberally construed, meaning that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Nevertheless, a district court may dismiss the complaint *sua sponte* if it determines that it lacks subject matter jurisdiction or that the complaint is frivolous.  *See* FED. R. CIV. P. 12(h)(3); *Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam); *see Tyler v. Carter*, 151 F.R.D. 537 (S.D.N.Y. 1993), *aff'd*, 41 F.3d 1500 (2d Cir. 1994).  Even pro se plaintiffs must establish that the Court has subject matter jurisdiction, either through federal question jurisdiction, which occurs when a federal question is presented, 28 U.S.C. § 1331, or through diversity

---

[1] The IFP Application was only signed by, and filed only on behalf of, Brian Clark.

jurisdiction, which is when the plaintiff and all defendants are of diverse citizenship and the amount involved is greater than $75,000, 28 U.S.C. § 1332. *See Hamm v. United States*, 483 F.3d 135 (2d Cir. 2007). "An action is 'frivolous' when either: (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy'; or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (additional internal quotation marks and citations omitted). Further, a complaint that is "so confused, ambiguous, vague[,] or otherwise unintelligible that its true substance, if any, is well disguised," fails to comply with Rule 8 [of the Federal Rules of Civil Procedure]." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

The Court is required to construe pro se pleadings liberally and interpret them to raise the "strongest [claims] that they suggest." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Triestman v. Fed. Bureau of Prison*s, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations or arguments that the submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants," and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]" *Triestman*, 470 F.3d at 477 (internal citations, quotation marks, and footnote omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-92 (2d Cir. 2008). An action is considered "frivolous" when the claims are based on indisputably meritless legal theories. *See Livingston v. Adirondack Beverage Co.*, 141

F.3d 434 (2d Cir. 1998) (internal quotation marks omitted). "The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure." *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).[2]

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." *Id.* at 8(d).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 555). Thus, a pleading that "tenders naked assertions devoid of further factual enhancement" does not suffice." *Id.* (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants

---

[2]  Unless otherwise noted, the Court has provided Clark copies of the unpublished cases cited herein.

adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).  Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Further, Rule 10 provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Flores*, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).   However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted).

III. **Discussion**

A. **Amended Complaint**

Clark's amended complaint is seventy pages in length, with the first eight pages being a hand-written complaint, and the remaining pages being a variety of other requests and motions for relief or documents that may have been filed in a county court proceeding.  *See* Dkt. No. 13.  Following the portion laying out the facts and claims, the amended complaint includes two pages that Clark titled, "Revision of Defendent [sic] to Adding Plaintiffs" which lists twenty-four additional names.[3]  *See id* at 9-10.  Clark next includes a page titled "Additional Defendants," listing ten names and addresses or partial addresses.  *See id.* at 11.  Following this list is page entitled "Case Law" where Clark provides two pages worth of case names and citations or partial citations, followed by a two-page list of general and unexplained legal terms, statutes, and what appear to be his thoughts.  *See id.* at 12-16.  The caption for Clark's complaint indicates that it is

---

[3] From this heading, it is unclear if Clark intends these individuals to be additional plaintiffs or additional defendants, especially as this page is separated from another list he labels as "additional defendants." *Compare* Dkt. No. 13 at 9 *with* Dkt. No. 13 at 11.

brought under "Civil Rights Act of 1871 42 USCS 1983, Amended Complaint 42 USC §§§ 1985-1986."  Dkt. No. 13 at 1.

The Amended Complaint includes a document Clark labels as "Motioning Amicus Curiae Relief Reargument or Reconsideration De Novo Review" where Clark, for a fifth time,[4] seeks this Court to reopen and review his case in *Clark v. Tanner*, No. 1:22-CV-1264, which this Court dismissed with prejudice in May 2024.  *See* Dkt. No. 13 at 39-40.[5]  Clark also includes a document he entitles, "Motion for Summary Affirmace [sic.]." under a caption that says, "United States of America, New York State Unified Courts, Warren County County [sic] Court, Brian Andrew Clark, Crystal Mabb v. The People of the State of New York." Dkt. No. 13 at 25.

Clark's amended complaint appears to challenge an unspecified criminal conviction, allege conspiracies potentially relating to his criminal conviction, set forth unspecified claims surrounding custody and visitation orders and/or a restraining order involving his minor children, raise claims relating to the conditions of his confinement at Warren County Correctional Facility and/or Washington County Correctional Facility, and set forth unclear claims surrounding an ATV accident in 2010 or 2011 and a snow mobile accident from 2011, including allegations of a conspiracy arising out of or as a result of that accident.  *See generally* Dkt. No. 13 at 1-5, 8.  Clark also appears to be seeking to bring a medical malpractice claim and potentially a conspiracy claim against

---

[4]  The undersigned is including Dkt. Nos. 8 and 11, in this action, and two similar requests he made on the *Clark v. Tanner, et al.* docket.

[5]  Clark names as defendants the individuals he listed as defendants in the *Clark v. Tanner*, et al.. action, specifically Nicholas Tanner (sued as Zachary Tanner F/K/A/ Nicholas Tanner), Huntington, Kenneth Ryserdoph (sued as Nicholas Rysedorph, F/K/A/ Kenneth Ryserdoph), and Fildesen.  *See Clark v. Tanner*, No. 1:22-CV-1264 (judgment entered dismissing action with prejudice, May 10, 2024).  In the Amended Complaint, however, Clark does not forth any facts or claims against Nicholas Tanner, instead, the Amended Complaint uses the name Zachary Tanner.

Hudson Headwaters Health Centers and/or Glens Falls Hospital, possibly on behalf of himself and/or three other individuals. *See* Dkt. No. 13 at 8 ("Lawful abuse towards Robert Carota drug overdose, mistreatment to Wendy Mylott, cruel treatment to Gerald Clark 85 years old do not recensitate [sic] Glens Falls hospital violated severely his diseased body.").

Clark's amended complaint is a difficult-to-follow stream of consciousness and sets forth many claims and statements that he does not explain. *See generally* Dkt. No. 13. Specifically, Clark contends that "Warren County Judicial are discriminating, disregarding the value of parent and children slandering my name in the media and Courts. Intentionally neglecting receipt of 2019-2020 pardon. My informal feelings with statement am being Attacked form measures Juvenile term 2003 Honorable Timothy Green." *Id.* at 2. Clark then states that he has "three children all under ages of eighteen." *Id.* He provides that "Matthew McKieghan Washington County public defender successfully conducted omnibus result reducing Fort Edward Village Retraining Order.[6] Which Judge Robert Smith is not following Rule of Law nor matter of law Non-criminal and technically civil matter." *Id.*

Clark also repeatedly references the dismissed-with-prejudice *Clark v. Tanner, et al.*, 1:22-CV-1456, case and says that it is evidence that he has "been battling unlawfulness, unfairness, biasness, for years, all through Warren County Criminal Justice. [sic] Robert Smith is breaching his promissory estoppel of unwanted restraining order that is restricting parental rights next several constitutional violations, wrongful

---

[6]  It is unclear if Clark wishes to proceed on any claims against this individual; however, the undersigned notes that, generally, a public defender is not considered a state actor for purposes of Section 1983. *See Fisk v. Letterman*, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005) (citing cases).

jurisdictions, controversing [sic] a family court discretion." Dkt. No. 13 at 1.[7]  Clark

states, in apparent reference to the 1:22-CV-1456 case, "conclude off reasoning case

No. 1-22-CV-1264 was filed which was unfair,[8] Bias, frauded, corrupt. Violation of

Americans with Disabilities."  Dkt. No. 13 at 1.

Next, Clark contends that, on unspecified dates (on "multiple occasions"), District

Attorney Devon Anderson

> insulted my intelligence, disregarded children in common with whom does
> not ask for restraining order, fails to accept the positivity and or awareness
> to any evidence which supports my favor leading inaccurate information
> that's (sic) wrongfully bouncing between Warren and Washington County.
> I am being treated as some hardcore criminal.

Dkt. No. 13 at 3.

Clark also asserts that "Washington County is tampering with medical,

contradicting food and drug, manipulating medical fact finding.  I have peanut allergies

medical multiple times refuse to do anything about."  Dkt. No. 13 at 3.  He contends that

"the kitchen," "for over three weeks peanut butter is being serve [sic] at dinner."  *Id.*  "The

other statement is 'don't eat it' or 'give it away' It's only obvious retaliation being done

being the amount of grievances I filed, and pursing lawsuits."  *Id.* at 3.   He states, "[a]ll

remedies are repeatedly exhausted."  *Id.*

Elsewhere in the complaint, Clark states,

> Metal has been found in my meals at Washington County Jail C.O [sic]
> Gebo, C.O [sic] Brockway, C.O [sic] Ferris and C.O. [sic] Deihl are witness
> to that.  Same Jail peanut Butter Allergies are intentionally neglected,
> unprofessionally manipulated and served by jails [sic] kitches [sic]
> malpraticed [sic] by intentional neglect of medical also part of network to

---

[7]  The Amended Complaint also references a case, "No-22-1456 *Brian Andrew Clark v. United States*, US
Claims Lexis 1515 Fed Cl July 7, 2023)[,]" but the Court cannot locate any case before this Court with this
case number or these named parties.
[8]  It is unclear to the undersigned if Clark intends to mean the dismissal was unfair or if he is referring to
the facts underlying that case.

Glens Falls Hospital and Hudson Headwaters health Centers. Where I am banned due to the personal conflicts and life threatening cycle of tendencies.

*Id.* at 8.  Clark further alleges that

Misleading information stated as a juvenile the unlawfulness started 2010, the retaiilation [sic] started 2016.  The repeats occur between Warren and Washington County agencies stemming from 2010 Atv accident critically injured 'victim' Brian Clark and 2011 snowmobile accident Gary Thomas Clark.  Lawful abuse towards Robert Carota drug overdose, mistreatment to Wendy Mylott, cruel treatment to Gerald Clark 85 years old do not recensitate [sic] Glens Falls hospital violated severely his deceased body. Estate, inheritance, social security, financial veteran fraud has been done and covered up.  February 19, 2025 Beadell of Washington County Jail misconduct and collaborated fraud of medical grievance and corrections minimum standards.

*Id.* at 8.

Clark further alleges that

[t]he end of 2024 C.O. Hunter punched me in the side of the head for no reason through the cell bars.  A while later around thanksgiven [sic] C.O's [sic] Beaudette, M.Barber, Mcphee staged incident off C/O [sic] VaillenCourt Lying that I threatened her.  She wrote me a ticket once I emailed my father about C.O [sic] VaillenCourt makes sexual gestures and comments throughout her night shift tours.  After about Ten minutes all officers came flying in and confused me, screaming, spitting in my face to the point I asked twice to get out my face.  Then they Brutally harmed me. When they were kicking and causing harm every targeted blow was to my abdomen center and right and right side skull causing me to go unconscious, All areas of that time fresh surgeries.  Into 2025 C.O. Hunter working nights consistently harasses me tapping on my cell with no reason to awake me then farts, burps makes disgusting noises deliberately beaming his light in my eyes causing convulsions and type seizures due to the severity of multiple Brain injuries most crucial injury ATV accident man critically injured in 2010.  February 5, 2025 I again confronted C.O. Hunter to Leave me alone.  C.O. Hunter replied asking me if I ever heard of time and place.  Insinuations to threats. February 5, 2025 US District legal mails tape was sliced before entering housing officer Ferris Unit.  I informed Ferris and informed C.O. Fischer, Law Library is randomly disabled.  Legal mail is often breached.

Dkt. No. 13 at 3.

Clark states,

since Judge John Hall conspiracy in Criminal Justice feeds off Warren County.  2011 Warren County Corrections when inspector Barbosa was conducting illegal acts, aided by Karl Mattison now Glens Falls Officer whom coerced, intimadated [sic] Crystal Mabb fabricated charges and disposition, aided also by Zachary Tanner, Fieldesan, C.O. Farmer, their [sic] are other officers involved unfortunately being long ago and heath state from 2010 accident being critically hospitalized by foul play on an atv, which that is in the post star begining [sic] record showing conspiracy, unlawful, unjust, discriminating actions my Criminal Justices.  Parental and personal decisions are being ignored unlawfully used.

*Id.* at 4.

Clark provides that in 2022,

SGT Thomas, SGT Fieldesan, C.O[.] Curits, C.O[.] Frank, C.O[.] Cole were refusing medical attention that Glens Falls police excessively use wrongful force of taser inflicting internal bleeding and additional medical long term affects, mocking my pleas of agony, picking on me to the extent staging 2011 incidents Barbosa did to me.  They came in my cell A-linear side brutally harmed me, removed everything out of my cell, SGT Grey Confinscated [sic] my legal work, Mental Health Records fabracated [sic] misusing my freedom of speech about Russia and Ukraine.

*Id.* at 5.  Clark further states that in 2019-2020,

SGT Howard, C.O[.] P. Bachem, LT. Bassette of Washington County Jail Off a Lie and misinterpretation of a food tray being placed outside C-5H4 cell by C.O[.] Dolley lying where my cell was shut off during Covid for over two weeks, officers are lying, conspiring cover up of abuse, depravation and cruel acts are both retaliation [sic] and simply what whom I complain about seem because being who they are can get away with next to everything.

Id. at 5.

Clark also states that

Glens Falls City Police Department Karl Mattison covered and fabricated criminal procedures by Zachary Tanner, Kenneth Ryserdoph conspirering [sic] with Washington County Chief Durway, Sheriff Huntington, SGT Howard C[.]O. P[.] Bachem, multiple other officers.  Sheriff Huntington

admitted his guilt of misconduct of abuse while a Fort Edward police
officer in front of a transport officer coming back to Washington County in
the garage from a spinal injury roughly August-September of 2024.

Dkt. No. 13 at 8.

Clark further contends,

[t]he acts and prosecutions and criminal justice have caused my oldest
[minor child's name and birthdate omitted] to grow an unhealthy,
dangerous resentment and many other parent and child dysfunction that is
causing my first daughter numerous different category of harm that if I
Brian were not wrongfully charged criminal procedures as a family offense
non-violent and non-criminal charges to run on next to essential jeopardy
clauses, Warren and Washington County New York are mirroring the
crimes, my family names are being targeted by criminal justice of Warren
and Washington County presumably of 2003 juvenile term by Warren
County Judge Timothy Breen.

Dkt. No. 13 at 7.  Clark also states

A Lisa Ricketts mother to Adam Ricketts and Evan Ricketts has caused an
enormous lie and disregard of a Birth.   Lisa Ricketts has fabricated
documents resorting to aid banning.  Lisa Ricketts is the mother to the two
Boys Adam J. Ricketts and Evan Ricketts both accused of 2011 Atv
accident critically injured Brian Clark of 100 Alpine Ave Queensbury, NY
12804.   Criminal Justice have misreported information misleading other
agencies.    Warren   County   Corrections   every   valuable   incarceration.
Washington  County  Corrections  399  Broadway  Fort  Edward  NY,  12828
both  re-elect  terms  for  Mr.  Donald  Trump  is  full  inspiration  to  me.
Washington  County  election  board  are  aware  of  the  jail  breaching  and
tampering with legal mail of mine.  Fort Edward Police Department and
Glens Falls City Police and caused current hernia off aorta asophogus [sic]
and Z-line Cheif [sic] Justin Durway Fort Edward failed to protect.

Id.

Under a list of "case law" following the body of his complaint, Clark provides a

four-page, bullet-point list of case citations, interspersed within are the names of

statutes, legal standards or terms, legal standards arising out of case law, and

miscellaneous terms, including Monell v. Department of Social Services, Sherman Act,

Ku Klux Klan Act, "Monell Claim," "Respondeat Superior," "indemnification claim,"

13

"promissory estoppel," "retaliation claim," "jeopardy clause," "personal decisions," "parental rights," "fundamental substantive rights equal protections," "ex post facto," "de novo," "28 USCS § 1915(a)(3)(b)(4)(c)(d)(e)(1)(F)(1)(g)," "21 § USCS 848," "18 USCS pt ch 19 371, 373," "21 USCS § 848 Continuing Criminal Enterprise," "Tucker Act," and "Ineffective Assignment Counsels." Dkt. No. 13 at 14-15.

## B. **Section 1915 Review of Amended Complaint**

As a first threshold issue, the Amended Complaint is unsigned, by Brian Andrew Clark or any of the other individuals Clark listed as plaintiffs in the original complaint or on the lists of "additional plaintiffs" appended to the amended complaint. *See* FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented.").  Second, although Brian Andrew Clark names Donald Leonard Clark and Crystal Mabb as plaintiffs in the original complaint and what appears to be a list of "additional plaintiffs" in the Amended Complaint, Dkt. No. 13 at 9-10, as a pro se plaintiff who is not an attorney, Clark cannot represent other plaintiffs in any form, including as a class representative,[9] and may represent only himself. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").  As the Amended Complaint is not signed by these additional individuals and does not set forth any claims specific to Donald Leonard Clark or Crystal Mabb, it is recommended that plaintiffs Donald Leonard Clark and Crystal Mabb be terminated from the action without prejudice.

---

[9]  Clark stated, in his filing seeking to reopen/reargue the *Clark v. Tanner, et al.*, case and seeking counsel, "Therefore, criminal matters I bring civil class action or proper justice adjusting." Dkt. No. 11 at 1. Although this is indecipherable, the undersigned notes that to the extent Clark indicates an intent to proceed as a class action, he is unable to represent anyone else's interests.

As a final threshold issue, to the extent Clark references 1:22-CV-1264, *Clark v. Tanner*, both in the body of his complaint and in appended exhibits, Dkt. No. 13 at 1, as this Court has already informed plaintiff several times, both within this action and in *Clark v. Tanner, et al.*, he may not seek to consolidate, reopen, or reargue that case or the claims therein. *See* Dkt. No. 12; 1:22-CV-1264, *Clark v. Tanner, et al.*, Dkt. Nos. 121, 123.

Clark's amended complaint violates Fed. R. Civ. P. 8 and 10. First, Clark's amended complaint plainly fails to meet the requirements of Rule 10 in that it does not divide its claims into numbered paragraphs, limited to a single set of circumstances and is instead written in a stream-of-consciousness, without any reasonable organization. *See* FED. R. CIV. P. 10(b). Further, Clark attempts to bring forth multiple, unrelated claims in one action, rather than in separate actions, including seeking review of matters relating to the conditions of his incarceration alongside matters that are entirely unrelated to his incarceration.[10] Next, the undersigned observes that Clark fails to set forth the damages he seeks in association with this amended complaint. *See* FED. R. CIV. P. 8(a)(3). In addition, Clark's amended complaint is difficult to follow and fully fails to meet Rule 8's requirements of a short and plain state statement of the claim. *See* FED. R. CIV. P. 8(a)(2). Although he, at times, provides general dates, Clark's inclusion of dates is sporadic. *See generally* Dkt. No. 13. Similarly, his disjointed facts make it difficult to assess each defendants' personal involvement in the alleged constitutional violations. *See id.*

---

[10] Clark's claims relating to his conditions of confinement, if they are properly amended and allowed to proceed, may be more properly addressed as a Division 9 matter, separate and apart from other, non-incarceration-related claims.

Further, Clark's proposed amended complaint is often conclusory and does not provide sufficient factual bases for his allegations. Clark's references to a 2010 or 2011 ATV accident and a separate snow mobile accident, a conspiracy arising out of a "2003 juvenile term," being banned from Glens Falls Hospital, a restraining order that appears to involve his children, and a variety of other disjointed claims of conspiracies involving Washington and Warren Counties are nearly impossible to follow. *See generally* Dkt. No. 13. Attempting to do so places "too heavy a burden" on the Court. *Gonzales*, 167 F.R.D. at 355. The Amended Complaint clearly does not amount to a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), nor does it "give fair notice of the claim being asserted" such that a defendant could "file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores*, 189 F.R.D. at 54.

It is not entirely clear from the amended complaint all of the individuals against whom Clark intends to proceed. In his caption, he lists, "John Hall et al." Dkt. No. 13 at 1. In the body of the amended complaint, Clark includes a variety of names, but he does not always explain if he intends to name that individual or entity as a defendant or what claims apply to that defendant. *See generally* Dkt. No. 13. In the body of the amended complaint, Clark names Justin Durway,[11] Huntington, Honorable Timothy Breen, Matthew McKieghan, Judge Robert Smith, District Attorney Devon Anderson, C.O. Hunter, C.O. Beaudette, M. Barber, Mcphee, C.O. Fischer, Inspector Barbosa, Zachary Tanner, Sgt. Fieldesan, C.O. Farmer, Sgt. Thomas, C.O. Curtis, C.O. Frank,

---

[11] The "additional defendants" page associates Justin Durway with "American Legion," though in the Amended Complaint, Clark states that Durway is with the Fort Edward Police Department and elsewhere that he is "Washington County Chief." Dkt. No. 13 at 8, 11.

C.O. Cole, C.O. P. Bachem, and Lt. Bassette, Lisa Ricketts.  *See generally* Dkt. No. 13.

The "additional defendants" page adds Karl Mattison and P.A. Dr. Scott Miller, repeats

some of the individuals mentioned in the Amended Complaint, and omits others.  *See*

Dkt. No. 13 at 11.

Although Clark lists several names on the "additional defendants" page, which

indicates that he intends those individuals to be defendants in that action, the amended

complaint does not include facts or allegations against some of these defendants.  To

hold an individual liable for damages in a section 1983 action, Clark must allege that the

individual was "personally involved" in the constitutional violation of which he complains.

*See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496,

501 (2d Cir.1994) ("It is well settled in this Circuit that personal involvement of

defendants in alleged constitutional deprivations is a prerequisite to an award of

damages under § 1983.").  Some defendants are not mentioned by name in either the

caption or within the body of the amended complaint at all or are mentioned very briefly

and without an explanation of how the individual is alleged to have violated Clark's

constitutional rights.  *See, e.g., Cipriani v. Buffardi*, 9:06-CV-0889 (LEK/DRH), 2007 WL

607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citation omitted) ("A complaint cannot be

maintained against a defendant who is listed in the caption, but against whom no facts

are alleged in the body of the complaint.").  Even for those defendants who Clark

identifies by name and provides some factual support as to their involvement in alleged

constitutional violations,[12] Clark's amended complaint largely fails to sufficiently

demonstrate defendants' personal involvement.  He references multiple defendants'

---

[12] Excepting, perhaps claims against C.O. Hunter, *see* Dkt. No. 13 at 3-4.

actions collectively, lumping their conduct together.  *See, e.g.*, dkt. no. 13 at 4 (identifying Beaudette, Barber, and Mcphee in an incident of excessive force, but not specifying which defendants took which actions, referring to "all officers" and "they").

Although Clark provides some general dates, such as years, some of his statements are undated; thus, for many of the allegations, the Court has no ability to assess the timeliness of the events. See generally Dkt. No. 13.  Some of Clark's claims that do have dates appear barred by the statute of limitations.  "[I]n New York, the statute of limitations for Section 1983 claims is borrowed from New York's general statute of limitations for personal injury actions, which is three years" from when the plaintiff "knows or has reason to know" of the injury underlying the claim.  *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023); *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002).  As it relates to the conditions of his incarceration, Clark refers to incidents from "2019-2020"; thus, because Clark commenced this action in 2024, any section 1983 claims relating to matters occurring in 2019-2020 or prior would be untimely absent a showing of the tolling of the statute of limitations.   Insofar as Clark references incidents from 2003 and 2011, and is contending these incidents involve violations of his constitutional rights and makes claims of conspiracies in connection with those incidents, those claims would be also untimely absent some proof of tolling.[13]

As for his condition of confinement claims, liberally reading the amended complaint, Clark appears to be attempting to raise claims for (1) deliberate indifference to his serious medical needs in violation of the Eighth Amendment against Cole, Tomas, Fieldesan, Curtis, and Frank; (2) excessive force in violation of the Eighth Amendment

---

[13]   To the extent Clark references occurrences from 2022, 2024, and 2025, such claims would appear timely, given that Clark commenced this action in September 2024.  *See* Dkt. No. 13 at 3-5.

relating to (a) C.O. Hunter, at "[t]he end of 2024," punching him in the side of the head "for no reason", (b) as against "officers"[14] who "brutally harmed him" in his cell "[a] while later around thanksgiven [sic]," and against unidentified officers who "brutally harmed me" in his cell, possibly in 2022, Dkt. No 13 at 3, 5; (3) cruel and unusual punishment in violation of the Eighth Amendment as it relates to C.O. Hunter's alleged conduct of "harassing him" with noises and shining his flashlight, allegedly causing "conclusions and type seizures," Dkt. No. 13 at 4; (4) retaliation in violation of the First Amendment against unspecified corrections staff in connection with his filing of unspecified grievances/ lawsuits, a e-mail to his father complaining about C.O. VaillenCourt, and his "freedom of speech about Russia and Ukraine," in the form of excessive force, serving him an allergen, food tampering, C.O. Hunter's allegedly harassing conduct, and the "slicing" of his "legal mails tape," Dkt. No. 13 at 3-4, 8; and (5) failure to intervene as against Gebo, Brockway, Ferris, and Deihl relating to the alleged food contamination, Dkt. No. 13 at 8.[15]  Clark appears to have set forth a timely, prima facie case for excessive force in violation of the Eighth Amendment against C.O. Hunter as it relates to him allegedly punching Clark "in the side of the head for no reason through the cell bars" and engaging in conduct "causing convulsions and type seizures."  Dkt. No. 13 at 3, 4.  The remainder of his conditions of confinement claims fail to state a claim as

---

[14] It is not entirely clear whether Clark intends to bring such claims against Beaudette, Barber, and Mcphee or other, unnamed officers.  *See* Dkt. No. 13 at 3-4.

[15] To the extent Clark wishes to proceed on claims relating to the conditions of his incarceration, although not determinative of those claims proceeding at this stage given that exhaustion is an affirmative defense, the undersigned does note that it is unclear whether he is alleging that he has exhausted his administrative remedies as to each claim.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").

written because they either do not properly set forth each defendants' personal involvement and/or fail to clarify the date of the alleged occurrences.

For example, as for Clark's allegations that officers came into his cell and spit in his face and "brutally harmed" him, it is not clear whether he is saying that Beaudette, Barber, and Mcphee engaged in this conduct or other, unnamed officers. *See* Dkt. No. 13 at 3. It is also not fully clear when this incident occurred,[16] and which officer was personally involved in what misconduct. *See id.* Clark's claims about food tampering and being served an allergen also fail to state specific defendants' personal involvement as he alleges only that "Washington County" and "the kitchen" is serving him peanut butter and failing to follow "medical orders." *Id.* at 3. Insofar as Clark contends that Gebo, Brockway, Ferris, and Deihl "are witnesses" to "metal" being "found in my meals at Washington County Jail," it is possible he may be attempting to set forth a failure to intervene claim; however, Clark does not provide when this allegedly occurred or any supporting facts regarding the corrections officers' alleged witnessing of such conduct. *See id.* at 8.

Clark's claims that at an unspecified time in 2022, Thomas, Fieldesan, Curtis, Frank, and Cole refused him medical attention, possibly after "Glens Falls police excessively use wrongful force of taser inflicting internal bleeding" and "mocked [his] pleas," came into his cell and "brutally harmed him," removed "everything" from his cell, including legal papers, also fails to suffice as pled. Dkt. No. 13 at 5. It is unclear which

---

[16] Clark states, "[a] while later around thanksgiven [sic,]" but it is unclear if Clark is stating that this date relates to an unclear "staged incident" involving Beaudette, Barber, and Mcphee" or whether he is referring to the alleged cell attack. *See* Dkt. No. 13 at 3.

defendants engaged in what conduct[17] such that the Court properly assess each

defendants' personal involvement.  Arguably, plaintiff is attempting to set forth a claim of

Eighth Amendment excessive force, Eighth Amendment deliberate indifference to

serious medical needs, and possibly First Amendment retaliation.  *See id.*  It is unclear

what Clark is trying to say when he states, "mental health records fabricated.  Misusing

my freedom of speech about Russia and Ukraine."  *Id.*  As Clark's allegations as to this

"2022" incident are factually unclear and fails to set forth each defendants' personal

involvement, it does not meet the requirements of Rule 10.

Insofar as Clark references judges, specifically Judge Robert Smith and Timothy

Breen,[18] even if Clark provided sufficient facts and coherently set forth any

constitutional claims against them, such claims are likely barred by (1) judicial immunity,

and (2) the statute of limitations as he provides the dates of 2003 and 2011.  *See, e.g.,*

*Zavalidroga v. Girouard*, No. 6:17-CV-682 (BKS/ATB), 2017 WL 8777370, at *8

(N.D.N.Y. July 7, 2017) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam)

("With minor exceptions, judges are entitled to absolute immunity for actions relating to

the exercise of their judicial functions."; "Judicial immunity applies even when the judge

is accused of acting maliciously or corruptly.")).

Insofar as Clark may seek to bring claims against District Attorney Devon

Anderson, even if Clark provided sufficient facts or set forth cognizable constitutional

claims, such claims are likely barred by absolute prosecutorial immunity.  *See Barr v.*

---

[17]  The only specific personal involvement is Clark's statement that "Sgt Gray confinscated [sic] my legal work, mental health records."  Dkt. No. 13 at 3.

[18] In his exhibits, which appear to be county court filings, Clark references "Ex-Judge John Hall" and refers to matters that appeared to have occurred in 2011.  *See, e.g.*, Dkt. No. 13 at 4.  With respect to Honorable Timothy Breen, Clark discusses a juvenile term from 2003.  Dkt. No. 13 at 2, 7.

*Abrams*, 810 F.2d 358, 360-61 (2d Cir. 1987) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotations and citation omitted) (holding that prosecutorial immunity encompasses "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.").

Insofar as Clark may be seeking review of his criminal conviction or sentencing or contending that his prosecution, conviction, or sentencing violated his constitutional rights, to the extent Clark may seek monetary damages, such claims, even if sufficiently pleaded, would be barred by *Heck v. Humphry*, 512 U.S. 477, 486-87 (1994) unless Clark can demonstrate favorable termination or that success on such claim would not necessarily invalidate a criminal conviction. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Poventud v. City of New York*, 750 F.3d 121, 132 (2d Cir.2014) (citations omitted).

To the extent Clark may be seeking to proceed against Washington County and/or Warren County, claims may only proceed against municipal entities if Clark sets forth a *Monell* claim. "To set forth a cognizable claim for municipal liability under § 1983, a plaintiff must plead that a deprivation of his constitutional rights was 'caused by a governmental custom, policy, or usage of the municipality.'" *Dougal v. Lewicki*, No. 1:23-CV-1167 (DNH/CFH), 2023 WL 6430586, at *10 (N.D.N.Y. Oct. 3, 2023), *report and recommendation adopted*, 2023 WL 7013384 (N.D.N.Y. Oct. 25, 2023) (quoting *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012), and citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978)). Clark's complaint makes no decipherable argument that his constitutional rights were violated, and the violation was

due to a specific municipal custom, policy, usage, or a failure to train or supervise that rises to the level of deliberate indifference.  *See Dougal*, 2023 WL 6430586, at *10; *see also Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) (explaining that, to state an official policy claim under *Monell*, the plaintiff "must do more than simply state that a municipal policy . . . exists").   Clark contends that he is "wrongfully bouncing between Warren and Washington County" and that Washington County is "tampering with medical, contradicting food and drug, manipulating medical multiple times refuse to do anything about."  Dkt. No. 13 at 3.  He further contends that Glens Falls police officers committed excessive force, Glens Falls Police and/or Washington County staff failed to protect him from physical injury, and that officers of the Glens Falls Police department fabricated unspecified claims against him and engaged in an conspiracy "cover up" with Washington County officers.  Dkt. No. 13 at 8.  He also makes unclear claims of "officers . . . lying, conspiring cover up of abuse, deprivation and cruel acts."  *Id.* at 5.  Clark alleges that "officers" are conspiring with Washington County Chief Durway, Sheriff Huntington, Howard, Bachem, and "multiple other officers."  *Id.* at 8.  As Clark has failed to set forth a proper *Monell* claim, to the extent Clark seeks to proceed against Washington and/or Warren Counties, such claims must be dismissed for failure to state a claim.

Clark references having three minor children, appears to allege some kind of interference with his parental rights and relationship with his children, and includes several orders from Washington County Family Court relating to custody and visitation. The amended complaint and its attachments indicates an intent for this Court to review custody issues, yet this Court does not have jurisdiction to perform such review.  *See,*

*e.g.,* Dkt. No. 13 at 17-34. "Under the domestic relations exception . . . cases involving divorce, alimony, and child custody remain outside federal court jurisdiction." *Bowman v. Morris*, No. 8:19-CV-97 (BKS/DJS), 2019 WL 5150196, at *5 (N.D.N.Y. Apr. 10, 2019), *report and recommendation adopted*, No. 8:19-CV-97 (BKS/DJS), 2019 WL 3759174 (N.D.N.Y. Aug. 9, 2019) (citing *Marshall v. Marshall*, 547 U.S. 293, 308 (2006)); *Licata v. Kaplan*, No. 16-CV-2928 (JMA/GRB), 2017 WL 6379606, at *11, n.7 (E.D.N.Y. Dec. 12, 2017) (quoting *Sobel v. Prudenti*, 25 F. Supp. 3d 340, 353 (E.D.N.Y. 2014) ("While the domestic relations exception is narrow, it applies generally to issues relating to the custody of minors, and may also apply to civil rights actions directed at challenging the results of domestic relations proceedings.") (internal quotations omitted)); *see also Guichiardo v. Barrazza*, No. 16-CV-1222, 2016 WL 3541547, at *3 (E.D.N.Y. Jun. 23, 2016) (applying the domestic relations exception where the plaintiff "style[d] some of her claims as raising constitutional issues, but the allegations stem from a state domestic relations matter . . . ."). Thus, to the extent Clark's amended complaint can be interpreted as seeking review of any family court proceedings or orders relating to his custody or visitation rights to his children, even if attempting to raise constitutional claims, such claims may not proceed.

To the extent plaintiff names Lisa Ricketts, who he identifies as the mother of two boys who were involved in an ATV accident from which he suffered injuries in 2011, and "P.A [sic] Dr. Scott Miller, Hudson Headwaters Health Center," it does not appear that Lisa Ricketts, her children, or P.A./Dr. Scott Miller are state actors acting under the color of state law or acting in concert with state actors in furtherance of committing a constitutional act such that plaintiff would be able to set forth a viable section 1983 claim

against them.  Private conduct, no matter how discriminatory or wrongful, is generally

beyond the reach of section 1983. *See Gill v. Silver Invs. Inc.*, 413 F. Supp. 3d 123, 127

(E.D.N.Y. 2016) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999);

and citing *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S.

288, 295 (2001) ("state action may be found if, though only if, there is such a close

nexus between the State and the challenged action that seemingly private behavior may

be fairly treated as that of the State itself") (internal quotation marks omitted).  Even if,

*arguendo*, Clark could set forth a prima facie argument as to how Ms. Ricketts, a private

party, could be found to acted under color of state law, he has failed to demonstrate

how she violated his constitutional rights or how an incident occurring in 2011 would not

be time barred.  Similarly, even if Clark could demonstrate that Miller, a private party,

was acting under the color of state law, Clark sets forth no facts regarding P.A./Dr.

Miller; thus, he has also failed to establish his personal involvement in any constitutional

violation or that such a claim would not be time barred.  *See generally* Dkt. No. 13; *see

also infra* at 23 (noting that claims of medical malpractice have two-and-a-half year

statute of limitations and that there is no cause of action for medical malpractice under

section 1983).

To the extent Clark's amended complaint makes a vague reference to "fraud,"

even if Clark had properly explained this claim, a plaintiff cannot, through a civil action,

seek the initiation of a criminal investigation or matter nor an individual's prosecution.

*See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (holding that prisoners lack

standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S.

614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the

prosecution or nonprosecution of another."); *McFadden v. Ortiz*, 5:12-CV-1244 (MAD/ATB), 2013 WL 1789593, at *3 (N.D.N.Y. Apr. 26, 2013) (holding that there is no private right of action to enforce state or federal criminal statutes).  Thus, to the extent Clark's amended complaint can be liberally interpreted as attempting to seek the initiation of an investigation or prosecution for fraud, such claim must be dismissed for failure to state a claim.

Insofar as Clark refers to what appears to be multiple conspiracies, even if the undersigned could make any factual sense of such claims or determine that such claims are not time-barred, vague, conclusory, and general claims of conspiracy do not suffice. *See Walker v. Jastremski*, 430 F.3d 560, 564 n.5 (2d Cir. 2005) ("[C]onclusory or general allegations are insufficient to state a claim for conspiracy under § 1983."); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.").  Further, to demonstrate a conspiracy to deprive an individual of his constitutional rights, a plaintiff must first demonstrate an underlying constitutional violation.  *See Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) ("A valid claim of conspiracy under § 1983 to violate a complainant's constitutional rights must contain allegations of (1) a conspiracy itself, plus (2) actual deprivation of constitutional rights. A violated constitutional right is a natural prerequisite to a claim of conspiracy to violate such right.  Thus, if a plaintiff cannot sufficiently allege a violation of his rights, it follows that he cannot sustain a claim of conspiracy to violate those rights.") (citing *Malsh v. Austin*, 901 F.Supp. 757, 765 (S.D.N.Y. 1995)).  As the majority of Clark's amended complaint is difficult-at-best to

follow, whether there exists a potentially valid claim for a constitutional violation connected to these claims of conspiracy cannot be discerned.

To the extent Clark may be attempting to bring a claim of medical malpractice on behalf of himself and/or three individuals, including at least one who appears deceased, not only are his claims entirely void of factual support, but Clark likely does not have standing to bring such a claim on behalf of these individuals. Clark also fails to demonstrate that such claims would not be barred by the two-and-a-half year statute of limitations, and, further, the undersigned notes that medical malpractice claims[19] are not actionable under section 1983. *See* N.Y. C.P.L.R. 214-a (McKinney 2009)*; Gordon v. Magun*, 83 N.Y.2d 881, 883 (1994); *see generally Gonzalez v. Wright*, 665 F. Supp. 2d 334, 346 (S.D.N.Y. 2009).

As noted, Clark's amended complaint fails to meet the requirements of Rules 8 and 10 for the reasons set forth above, and, even where some of the facts and claims can be deciphered, there are many additional reasons for why the amended complaint must fail, discussed above. In sum, Clark does not demonstrate many of defendants' personal involvement in the alleged constitutional violations; appears to seek to bring claims against non-state actors; fails to properly set forth a *Monell* claim against the municipal entities; many claims appear time barred or their timeliness cannot be assessed due to the lack of sufficient facts; claims relating to the custody/visitation of his minor children are barred under the Domestic Relations Abstention Doctrine; insofar as he may seek review of his criminal conviction or sentence and monetary relief, such claims would be barred by *Heck* absent a showing of favorable termination; claims of

---

[19] As opposed to deliberate indifference to serious medical needs claims.

conspiracy are factually devoid, conclusory, potentially untimely, and do not demonstrate and underlying constitutional violation; and insofar as he may be asking this Court to initiate a criminal investigation or prosecution, there exists no private right of action to do so.

Although Clark's complaint fully fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, given Clark's pro se status and the Second Circuit's direction that pro se plaintiffs should be provided an opportunity to amend before dismissal of their action,[20] the undersigned recommends providing Clark an opportunity to amend, except as to his requests to reopen or reargue his dismissed with prejudice case, *Clark v. Tanner, et al.*[21]  *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991) ("[a] pro se complaint is to be read liberally.  Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) ("Although the language of § 1915 is mandatory, stating that 'the court shall dismiss the case' in the enumerated circumstances, we conclude that a pro se plaintiff who is proceeding in forma pauperis should be afforded the same opportunity as a pro se fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out

---

[20] Although it appears that Clark may have set forth a potentially valid claims relating to the non-time-barred conditions of confinement claims as against C.O. Hunter for excessive force in violation of the Eighth Amendment, because even the circumstances surrounding that claim/allegation are factually lacking, the undersigned does not recommend permitting it to proceed as currently pled.

[21]  If the District Judge permits Clark to file a second amended complaint, it is recommended that plaintiff be advised that the second amended complaint must be signed; he may only bring claims on his own behalf, and not on behalf of any other individuals; any second amended complaint will supersede and replace the amended complaint in its entirety and may not incorporate any portion of the amended complaint by reference; he must not combine unrelated claims in one action; may only proceed with claims that are not barred by the statute of limitations; and may not bring claims against individuals or entities who are immune.

any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.").

## IV. **Request for Counsel**

Liberally read, Clark, as part of his request to reopen *Tanner*, appears to seek appointment of pro bono counsel. He asked, "may I apply for public defender? I have a lot of stress, medical life-threatening issues, mental health issues. Therefore, criminal matters I bring civil class action or proper justice adjusting." Dkt. No. 11 at 1.[22] In its January 31, 2025, Text Order, the Court interpreted this filing as a motion for counsel and deferred Clark's request until its review of the amended complaint. *See* Dkt. No. 12.

It is well-settled that there is no right to appointment of counsel in civil matters. *See Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170,172-73 (2d Cir. 1989).

First, Clark's request for counsel fails to meet this Court's standards for several reasons. Before requesting appointment of counsel, a party must demonstrate that he or she is unable to obtain counsel through the private sector or public interest agencies. *See Cooper*, 877 F.2d at 173-74 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d

---

[22] Although plaintiff requests a public defender and refers to "criminal matters," this is a civil action, and public defenders are assigned only to criminal defendants, not civil plaintiffs.

Cir. 1986)).  Clark does not contend that he has made any effort to locate counsel on

his own nor does he provide proof of such efforts, as is required.  Second, as the

undersigned has here concluded *supra*, Clark has not yet demonstrated that his action

is likely "to be one of substance."  *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335

(2d Cir. 1994).

In *Terminate Control Corp.*, the Second Circuit reiterated the factors that a court

must consider in ruling upon such a motion.  In deciding whether to appoint counsel, the

court should first determine whether the indigent's position seems likely to be of

substance. If the claim meets this threshold requirement, the court should then consider

a number of other factors in making its determination.  *See Terminate Control Corp.*, 28

F.3d at 1341 (quoting *Hodge*, 802 F.2d at 61)*; Sawma v. Perales*, 895 F.2d 91, 95 (2d

Cir. 1990).  Among these are

> [t]he indigent's ability to investigate the crucial facts, whether conflicting
> evidence implicating the need for cross-examination will be the major proof
> presented to the fact finder, the indigent's ability to present the case, the
> complexity of the legal issues, and any special reason . . . why appointment
> of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61.  Further, where a plaintiff does not provide a Court with

evidence, as opposed to mere allegations, relating to his or her claims, such party does

not meet the first requirement imposed by the Second Circuit relative to applications

seeking appointment of pro bono counsel.  *See Harmon v. Runyon*, No. 96-CV-6080,

1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).  In addition, counsel is not required solely if

a plaintiff thinks appointment of an attorney is necessary or because counsel would be

more skilled in presenting his or her legal arguments.  *See Voymas v. Unger*, No. 6:10-

CV-0645, 2011 WL 2670023, at *12-13 (W.D.N.Y. July 7, 2011) (holding that despite

the petitioner's "layman" status, the petitioner failed to demonstrate that (1) he was "unable to present the facts relevant to disposition of his habeas petition or to understand his legal position," (2) "the legal issues in his case are so complicated as to require the assistance of an attorney," or (3) "appointment of counsel would lead to a more just determination.").  Although Clark contends that he seeks counsel due to "stress" and physical and mental health issues, he has not demonstrated that appointment of counsel is warranted at this time.  *See Hodge*, 802 F.2d at 61.  Thus, to the extent Clark's informal request can be deemed a motion for counsel, that motion is denied without prejudice to renew, at a future point, if Clark's action is permitted to proceed and Clark is able to demonstrate a change in his circumstances.

## V.  **Conclusion**

Wherefore, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff Brian Andrew Clark's application for leave to proceed in forma pauperis, Dkt. Nos. 4, 7, is **GRANTED**, and it is further

**ORDERED**, that plaintiff Brian Andrew Clark's request for appointment of pro bono counsel, Dkt. No. 11, on which the undersigned earlier deferred, is **DENIED** without prejudice; and it is

**RECOMMENDED**, that plaintiff Brian Andrew Clark's amended complaint, Dkt. No. 13, be **DISMISSED** without prejudice and with opportunity to amend except that, insofar as Plaintiff Brian Andrew Clark's amended complaint seeks to reopen/reargue his dismissed with prejudice case, *Clark v. Tanner, et al*., such attempt be **DISMISSED** with prejudice and without opportunity to amend;[23] and it is further

---

[23]  Although the undersigned recognizes that Clark cannot set forth a valid claim where there is a statute of limitations bar, where he is attempting to sue someone who is immune from relief (including judges and

**RECOMMENDED**, that plaintiff Donald Leonard Clark and plaintiff Crystal Mabb be terminated from the docket, without prejudice, as the amended complaint alleges no cognizable claims on their behalf, they have not signed the amended complaint, and it appears that plaintiff Brian Andrew Clark is attempting to bring claims on their behalf, which is prohibited as he is a non-attorney pro se plaintiff; and it is further

**RECOMMENDED**, that, because the amended complaint does not set forth any facts or allegations against certain individuals he listed in the original complaint, those defendants be terminated from the docket, without prejudice, specifically: Bonnie Mylott, Nancy Rafferty, Kenzie Rafferty, Sharon Hoffman, Veronica O'Dell, Raymond Garfield, Nicholas Tanner, and Bill Mylot; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff pro se in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85,

---

prosecutors), insofar as he may be seeking criminal prosecution or investigation, attempts to bring section 1983 claims against non-state actors, among other deficiencies, and that many of Clark's potential claims may be more appropriately dismissed with prejudice, because Clark's complaint is so confused, difficult to follow, and lacking in both facts and clarity, it did not appear to the undersigned the best use of judicial resources to attempt to parse and separate out claims that may be more appropriately be dismissed with prejudice versus without.  Instead, the undersigned recommends dismissal of the amended complaint in its entirety without prejudice (excepting his attempts to reopen/relitigate *Clark v. Tanner, et al.*) with the hope, however slim, that if Clark is permitted an opportunity to amend, with the guidance from this Report-Recommendation & Order and the District Judge's Order reviewing this Report-Recommendation & Order, he will clarify the issues and either decline to proceed against certain defendants or decline to replead claims with deficiencies or attempt to clarify such claims.

89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[24]

Dated: July 30, 2025
Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge

---

[24] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  *Id.* § 6(a)(1)(c).