UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRIAN ANDREW CLARK, DONALD
LEONARD CLARK, and CRYSTAL MABB,

                              **Plaintiffs,**

   vs.                                              1:24-CV-1150
                                                             (MAD/PJE)

JOHN HALL, *et al.*,

                              **Defendants.**
_____

APPEARANCES:                                  OF COUNSEL:

**BRIAN ANDREW CLARK**
Washington County Jail
399 Broadway
Fort Edward, New York
Plaintiff, *pro se*

**DONALD LEONARD CLARK**
Comstock, New York
Plaintiff, *pro se*

**CRYSTAL MABB**
Fort Edward, New York
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On June 19, 2024, Plaintiffs Brian Andrew Clark, Donald Leonard Clerk, and Crystal Mabb commenced this action, *pro se*, against fourteen Defendants alleging a myriad of legal claims. *See* Dkt. No. 1. The complaint is signed by Plaintiff Brian Andrew Clark. *See id.* Plaintiff Donald Leonard Clark submitted an application to proceed *in forma pauperis* ("IFP"), which is not signed. *See* Dkt. No. 2. Plaintiff Brian Andrew Clark also submitted two IFP

1

applications, the first of which was unsigned.  *See* Dkt. Nos. 4, 5, 7.  He also filed a letter requesting the appointment of counsel.  *See* Dkt. No. 11.  On March 6, 2025, Plaintiff Brian Andrew Clark filed a 70-page Amended Complaint adding numerous Plaintiffs, Defendants, and purported claims.  *See* Dkt. No. 13.

On July 30, 2025, Magistrate Judge Paul J. Evangelista issued a Report-Recommendation and Order granting Plaintiff Brian Andrew Clark's IFP motion, denying his request for counsel, and recommending that the amended complaint be dismissed.  *See* Dkt. No. 14.  The Court's docket indicates that the Report-Recommendation and Order was sent to "Pro Se Plaintiffs via regular mail." *Id.*  The copy served on Plaintiff Brian Andrew Clark at Washington County Jail was returned as undeliverable on August 11, 2025.  *See* Dkt. No. 15.  The Court has not received any other filings in this matter.  As such, Plaintiffs have not filed any objections to the Report-Recommendation and Order.

When a party declines to file objections to a magistrate judge's report-recommendation, the district court reviews the report-recommendation for clear error.  *See Hamilton v. Colvin*, 8 F. Supp. 3d 232, 236 (N.D.N.Y. 2013).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  The Second Circuit has stated that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely "because of their lack of legal training." *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

2

As an initial matter, the return of the Report-Recommendation and Order served on Plaintiff Brian Andrew Clark as undeliverable does not negate the Court's ability to review the Report-Recommendation and Order and dismiss the amended complaint. Local Rule 10.1(c)(2) mandates that "*pro se* litigants must immediately notify the Court of any change of address and/or telephone number." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). Plaintiffs were also advised in October of 2024 "that, in accordance with the Rule 10.1(c)(2) of the Court's Local Rules, plaintiff shall promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in Plaintiffs address. Plaintiff's failure to do so may result in the dismissal of this action." Dkt. No. 3. "[R]egardless of whether Plaintiff[s] actually received notice that delay could result in dismissal, it remained [their] duty to diligently pursue [the] case and to inform this Court[ ] . . . of any change of address." *Swinea v. Peters*, No. 1:24-CV-1517, 2025 WL 1819710, *2 (N.D.N.Y. July 2, 2025) (quoting *Moloney v. West*, No. 1:24-CV-685, 2025 WL 828206, *2 (N.D.N.Y. Mar. 17, 2025) (additional quotation and quotation mark omitted). "A plaintiff's *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (additional quotation and quotation marks omitted).

The Report-Recommendation and Order has been pending since July 30, 2025, and Plaintiffs have not filed anything with the Court in that time—a change of address or otherwise. Therefore, the Court will review the Report-Recommendation and Order for only clear error.

Having reviewed the Report-Recommendation and Order, the complaint and amended complaint, and the applicable law, the Court does not discern any clear error in Magistrate Judge Evangelista's recommendation to dismiss the amended complaint.

Magistrate Judge Evangelista correctly concluded that Plaintiffs failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. *See* Dkt. No. 14 at 5-7. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Likewise, although "Rule 10 is . . . subject to the command 'never to exalt form over substance,'" *Shariff v. United States*, 689 Fed. Appx. 18 (2d Cir. 2017) (quoting *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005)), "'[t]he purpose of Rule 10(a) is to provide 'clear notice as to the parties in an action.'" *City of Syracuse v. Loomis Armored US, LLC*, No. 5:11-CV-00744, 2011 WL 6318370, *3 (N.D.N.Y. Dec. 15, 2011) (quoting *E.E.O.C. v. Int'l Ass'n of Bridge, Structural, & Ornamental Ironworkers, Local 580*, 139 F. Supp. 2d 512, 525 (S.D.N.Y. 2001)).

As thoroughly discussed by Magistrate Judge Evangelista, Plaintiffs' amended complaint does not provide any cognizable grounds for relief nor clear notice as to the causes of action.[1] Affording the *pro se* Plaintiffs appropriate leniency, Magistrate Judge Evangelista analyzed various claims that could be extrapolated from the amended complaint including claims against judges and prosecutors; claims relating to criminal convictions, family court decisions, and conduct by various counties and their employees; and claims of fraud, broad conspiracies, and medical malpractice. *See* Dkt. No. 14 at 21-28. He appropriately concluded that (1) many of the named Defendants are immune from suit in their roles as judges or prosecutors; (2) Plaintiffs are likely barred from moving in this Court to overturn a state court conviction; (3) they failed to

---

[1] Magistrate Judge Evangelita quoted numerous paragraphs, statements, and phrases from Plaintiffs' amended complaint and the Court will not do so again, here. *See* Dkt. No. 14 at 10-13.

allege an unconstitutional municipal policy, custom, or practice; (4) Plaintiffs cannot challenge family court orders in this Court; and (5) the amended complaint lacks sufficient facts to bring a conspiracy, fraud, or medical malpractice claim. *See id.*

The Court finds no clear error in those conclusions. The Court also agrees with Magistrate Judge Evangelista's determinations that Plaintiffs cannot sue private parties under 42 U.S.C. § 1983 for alleged constitutional violations and that Plaintiff Brian Andrew Clark cannot file any claims on behalf of the other *pro se* Plaintiffs. *See id.* at 14, 25.

As explained by Magistrate Judge Evangelista, not all named Plaintiffs signed the complaints or submitted IFP applications. *See id.* at 14. He recommended that Plaintiffs Donald Leonard Clark and Crystal Mabb be terminated from the docket because "the amended complaint alleges no cognizable claims on their behalf, they have not signed the amended complaint, and it appears that plaintiff Brian Andrew Clark is attempting to bring claims on their behalf[.]" *Id.* at 32. "By statute, parties appearing in a federal court may 'plead and conduct their *own* cases personally or by counsel.'" *Williams v. Norris*, No. 1:18-CV-349, 2018 WL 3121608, *2 (N.D.N.Y. Apr. 16, 2018), *R. & R. adopted*, 2018 WL 2298351 (N.D.N.Y. May 21, 2018) (quoting 28 U.S.C. § 1654) (emphasis added). A *pro se* plaintiff "cannot bring an action on behalf of another *pro se* plaintiff." *Id.* (citing Fed. R. Civ. P. 11(a)). Accordingly, the Court finds no clear error in Magistrate Judge Evangelista's conclusion that Plaintiff Brian Andrew Clark cannot bring claims on behalf of the other two named *pro se* Plaintiffs. At this juncture, however, the Court will not terminate any parties. Rather, for the reasons explained in the Report-Recommendation and Order, and this Order, the Court will dismiss Plaintiff Brian Andrew Clark's entire amended complaint without prejudice and with leave to amend.

Finally, Magistrate Judge Evangelista discussed Plaintiff Brian Andrew Clark's repeated references to a case he previously filed in this Court: *Clark v. Tanner, et al.*, No. 1:22-CV-1264 (N.D.N.Y). *See* Dkt. No. 14 at 9. Magistrate Judge Evangelista correctly stated that the 2022 case has been closed since 2024, and Plaintiff cannot use this new case to relitigate a previous action. *See id.* at 15, 32.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Evangelista's Report-Recommendation and Order (Dkt. No. 14) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that the amended complaint (Dkt. No. 13) is **DISMISSED** without prejudice and with leave to file an amended complaint within **thirty (30) days** of the date of this Order;[2] and the Court further

**ORDERS** that, if Plaintiff Brian Andrew fail to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case, without further order of this Court;[3] and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiffs in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: February 9, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[2] This ruling does not permit Plaintiff Brian Andrew Clark to seek to consolidate, reopen, or reargue the case or claims from *Clark v. Tanner, et al.*, No. 1:22-CV-1264 (N.D.N.Y.).
[3] The Court will only consider claims from Plaintiffs Donald Leonard Clark and Crystal Mabb if they too follow the rules of this Court and the Federal Rules of Civil Procedure, as well as the explanations provided by Magistrate Judge Evangelista and this Court.